Approved: _____
ALEXANDER LI
Assistant United States Attorney

Before:   HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York         20 MAG 9237

- - - - - - - - - - - - - - - - - x
                                  :   **COMPLAINT**
UNITED STATES OF AMERICA          :
                                  :   Violations of
      - v. -                      :   21 U.S.C. §§ 812,
                                  :   841(a)(1), 841(b)(1)(C),
LAMONT WRIGHT,                    :   841(b)(1)(D), 841(b)(2);
                                  :   and 18 U.S.C. § 2
                                  :
                    Defendant.    :   COUNTY OF OFFENSE:
                                  :   BRONX
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

　　　　　IVAN LUCIANO, being duly sworn, deposes and says that he is a Police Officer with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
### (Possession with Intent to Distribute Narcotics)

　　　　　1.　On or about August 29, 2020, in the Southern District of New York and elsewhere, LAMONT WRIGHT, the defendant, intentionally and knowingly did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

　　　　　2.　The controlled substances involved in the offense were: (i) a quantity of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C); (ii) a quantity of mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C); (iii) a quantity of mixtures and substances containing a detectable amount of amphetamines, its salts, optical isomers, and salts of its optical isomers, in violation of Title 21, United States Code, Section 841(b)(1)(C); (iv) marijuana, in violation of Title 21,

United States Code, Section 841(b)(1)(D); and (v) a quantity of mixtures and substances containing a detectable amount of alprazolam, in violation of Title 21, United States Code, Section 841(b)(2).

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 841(b)(2); and Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Police Officer with the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in this investigation, my conversations with law enforcement officers, witnesses, and other individuals, my review of photographs and videos, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

4. Based on my participation in this investigation, including my personal observations of the events described herein, my conversations with other law enforcement officers and witnesses, my review of photographs of seized evidence, my review of hotel video surveillance, and my review of reports and records, I have learned the following, in substance and in part:

   a. On or about August 29, 2020, at approximately 2:15 a.m., I and two other NYPD officers were patrolling in an unmarked car when we observed a vehicle ("Vehice-1") make a right turn from the left lane of Willis Avenue, in the Bronx. Soon thereafter, my car pulled over Vehicle-1 for making an unsafe turn.

   b. Another NYPD officer ("Officer-1") approached the driver side of Vehicle-1 to speak with the driver. The occupants of Vehicle-1 were a male driver, later identified as LAMONT WRIGHT, the defendant, and a woman ("Passenger-1") who was in the front passenger seat. Upon arriving at the driver's window, Officer-1 immediately saw a cloud of smoke coming out of Vehicle-1 that, based on Officer-1's training and experience, smelled of marijuana. Officer-1 also saw what appeared to Officer-1 to be

loose marijuana debris (*e.g.*, from rolling marijuana cigarettes), on WRIGHT's clothes and throughout Vehicle-1. Officer-1 further observed a gray bag ("Bag-1") and a United States Postal Service ("USPS") parcel ("Parcel-1") between WRIGHT's feet on the driver's floorboard, as well as a black backpack ("Bag-2") in the rear passenger seat.

      c. NYPD officers arrested WRIGHT and Passenger-1 and searched Vehicle-1. NYPD officers found inside Bag-1 the following, among other things:

         i. Five tubes and a small blue bag containing a total of approximately 232 pills. Based on their training and experience and the markings and appearance of the pills, law enforcement officers believe approximately 154 of the pills are oxycodone, approximately 11 of the pills are amphetamines, and approximately 67 of the pills are alprazolam (generic Xanax).

         ii. Two plastic bags ("zips") containing powdery and rocky substances whose appearance, based on my training and experience, is consistent with cocaine base, in a form commonly known as "crack";

         iii. A purple jar with a tan powdery substance;

         iv. Several empty green zips;

         v. Two electronic scales; and

         vi. One unidentified pill.

      d. NYPD officers found inside Parcel-1, among other things, a large plastic bag containing a green leafy substance whose appearance, based on my training and experience, is consistent with marijuana.

      e. NYPD officers found inside Bag-2 the following, among other things:

         i. 10 boxes each bearing the brand "KINGPEN," the label "banana sherbet," and the text "cannabis vape cartridge;"

         ii. One clear glass jar containing a palm-sized rock whose appearance, based on my training and experience, is consistent with either methamphetamines or crack cocaine;

3

          iii. A small blue bag containing three zips, each of which contained a powdery and rocky substance whose appearance, based on my training and experience, is consistent with crack cocaine; and

          iv. One electronic scale.

      f. Based on my training and experience, I believe that the quantities of narcotics found inside Vehicle-1, the presence of three electronic scales, and the presence of narcotics inside USPS packaging, are all indicative of the distribution of narcotics.

      g. Following his arrest on or about August 29, 2020, WRIGHT waived his *Miranda* rights and spoke with law enforcement, during which he claimed that he did not know what was in the bags in Vehicle-1.

      h. During a search incident to arrest, law enforcement officers found a key in WRIGHT's pocket for a room at a hotel ("Hotel-1") in Manhattan, New York. NYPD officers reviewed surveillance video from Hotel-1, which showed WRIGHT checking into Hotel-1 at approximately 12:38 a.m. on or about August 29, 2020 (*i.e.*, approximately 97 minutes before he was arrested). At the time he checked in, WRIGHT was carrying a black bag matching the appearance of Bag-2, which contained narcotics and was found in the rear passenger seat of Vehicle-1. Video from Hotel-1 also showed WRIGHT leaving Hotel-1 at approximately 1:10 a.m. on or about August 29, 2020 (*i.e.*, approximately 65 minutes before he was arrested), at which time he was wearing a black backpack matching the appearance of Bag-2, and was carrying a USPS envelope matching the appearance of Parcel-1, which contained marijuana and was found between WRIGHT's feet in Vehicle-1.

      i. On or about August 29, 2020, law enforcement officers executed a judicially-authorized search of WRIGHT's hotel room at Hotel-1, and found, among other things, an electronic scale and a marijuana crusher, *i.e.*, a device that, based on my training and experience, is used to crush marijuana leaves for rolling into cigarettes.

4

WHEREFORE, I respectfully request that LAMONT WRIGHT, the defendant, be imprisoned or bailed, as the case may be.

/s/_____
IVAN LUCIANO
Police Officer
New York City Police Department

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this
31st day of August, 2020

_____
JAMES L. COTT
United States Magistrate Judge

5